# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID DERRILL BRIGGS,** | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 15-016-RAW-SPS |
| **JUSTIN JONES, et al.,** | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on Defendants Scott Pruitt, Paula Inge, and Greg Jenkins' motions to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's amended complaint (Dkt. 5), the defendants' motions (Dkts. 28, 29, 30), plaintiff's response (Dkt. 33), and the defendants' replies (Dkts. 34, 35, 36).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Altus Community Work Center in Altus, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary and injunctive relief for alleged constitutional violations during his incarceration at Howard McLeod Correctional Center (HMCC) in Atoka, Oklahoma. The defendants are Former DOC Director Justin Jones, HMCC Warden Bruce Howard, Atoka County District Judge Paula Inge, Atoka County Assistant District Attorney Greg Jenkins, and Oklahoma Attorney General Scott Pruitt.[1,2]

Plaintiff alleges that on January 3, 2013, he was found to be in possession of a cell

---

[1] To the extent the defendants are sued in their official capacities as state officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[2] Defendants Justin Jones and Bruce Howard have not been served.

phone at HMCC. A disciplinary hearing was held on January 4, 2013, and he pleaded guilty to the offense of Individual Disruptive Behavior. His punishment was placement in segregation for 30 days and revocation of 365 earned credits, but he asserts he actually was in segregation for more than 100 days and was demoted to Level 2 for two years.

Plaintiff subsequently was prosecuted for Possession of Contraband by an Inmate in Atoka County District Court Case No. CF-2013-011, and on January 30, 2013, he was convicted and sentenced to a term of two years and court costs. He contends this state court proceeding denied him due process and violated the constitutional prohibition against double jeopardy. He also raises claims of the substantial evidence rule, substitution of the state court's judgment for that of the agency, conspiracy to transport him to court, fraud arising from his unlawful criminal prosecution, racketeering or conspiracy to racketeer, kidnaping or conspiracy to kidnap him through the false two-year sentence, and cruel and unusual punishment in his excessive time in segregation.

As an initial matter, the court finds there was no double jeopardy violation when plaintiff was charged with a criminal offense after his prison disciplinary conviction. "Because the Double Jeopardy Clause only applies to proceedings that are essentially criminal in nature, *see Breed v. Jones*, 421 U.S. 519, 528 (1975), it is well established that prison disciplinary sanctions . . . do not implicate double jeopardy protections." *Fogel v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (quotations omitted) (citing *Wirsching v. Colorado,* 360 F.3d 1191, 1205 (10th Cir. 2004)). Plaintiff, therefore, cannot count his administrative sanctions for the purpose of double jeopardy analysis.

Defendants Scott Pruitt, Paula Inge, and Greg Jenkins have filed motions to dismiss. (Dkts. 28, 29, 30). Oklahoma Attorney General Pruitt alleges, among other things, that plaintiff has failed to show his personal participation in the alleged constitutional violations. Instead, plaintiff is alleging Pruitt is responsible for the defendants who work for the State of Oklahoma.

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*,

545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Therefore, Defendant Pruitt is dismissed from this action.

Defendant Judge Paula Inge alleges she is entitled to absolute judicial immunity from suit for plaintiff's allegations involving judicial actions. "[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

> [T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). Furthermore, 42 U.S.C. § 1983 expressly states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Here, the court finds plaintiff has alleged no facts indicating Judge Inge is not entitled to absolute immunity.

Defendant Greg Jenkins asserts he is entitled to absolute prosecutorial immunity. A prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). Plaintiff's claims against Defendant Jenkins also fail.

As for Defendants Justin Jones and Bruce Howard, the court finds plaintiff has failed to state a claim against them. Plaintiff alleges Howard allowed the administration to

3

transport him to court for trial, and Defendant Jones knew of and perpetrated the fraud against plaintiff and other DOC inmates. Plaintiff, however, has not alleged Jones or Howard personally participated in the alleged constitutional violations.

In addition to plaintiff's request for monetary damages, he asks this court to void the judgment in Case No. CF-2013-11 and to order the DOC to return him to his situation that existed before the alleged constitutional violations. A section 1983 cause of action is not the appropriate means for seeking such relief. Rather, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973).

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

4

**IT IS SO ORDERED** this 22nd day of July 2015.


**Dated this 22nd day of July, 2015.**

                                                  Ronald A. White
                                                 United States District Judge
                                                 Eastern District of Oklahoma